THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

JABDIEL SALAS-NIEVES,

    Defendant.

Crim No. 22-037 (ADC)

## OPINION & ORDER

Before the Court is defendant Jabdiel Salas-Nieves' ("defendant") motion to suppress and request for hearing, filed on May 3, 2023. **ECF No. 49**. The government filed a response to the motion on May 17, 2023. **ECF No. 54**. For the reasons explained below, defendant's motion is **DENIED**.

I.    **Relevant Background**

Defendant was arrested on January 24, 2022, during the execution of a state-issued search warrant for a house located on Gardenia Street in the La Cuerda Sector, Bucarabones Ward in Toa Alta, Puerto Rico. A superseding indictment filed by the United States of America ("government") charges him with three counts, to wit: possession of a firearm in furtherance of a drug trafficking crime (18 U.S.C. § 924(c)(1)(A)(i)), possession with intent to distribute controlled substances (21 U.S.C. §§ 841(a)(1) and (b)(1)(D)), and possession of a machinegun in furtherance of a drug trafficking crime (18 U.S.C. § 924(c)(1)(B)(ii)). **ECF No. 19**.

Defendant moved to suppress the evidence found and seized during the search, asserting that the warrant lacked probable cause for two reasons: (1) that the Puerto Rico Police Bureau ("PRPB") officer who submitted the affidavit in support of the search warrant intentionally or recklessly included false information, and (2) that, given the falsity of this information, the confidential tip that led to the search warrant was not sufficiently corroborated and is insufficient to uphold a finding of probable cause.

In his motion, defendant alludes to the sworn statement submitted by PRPB officer Melvin Guevares-Guevares ("Officer Guevares") in support of his request for the search warrant in which he details information received through an anonymous tip.[1] The anonymous informant identified defendant by name, provided a physical description of him, alleged that he rode a black and blue motorcycle, carried a firearm, and was a member of a criminal organization that trafficked drugs. **ECF No. 49** at 1-2; *see also* **ECF No. 50-1** at 2-3. It also identified defendant's residence as being blue and gray and located on Gardenia Street in the La Cuerda Sector, Bucarabones Ward in Toa Alta, Puerto Rico. **ECF No. 49** at 1. According to the tip, the residence was used by defendant to store marijuana. *Id.* at 2.

According to his affidavit, Officer Guevares went to the location described in the anonymous tip on January 18, 2022, and was able to identify the house. **ECF No. 50-1** at 2. The next day, on January 19, 2022, he returned to the location to begin surveillance. Officer Guevares'

---

[1] The search warrant and affidavit at issue were filed by defendant in a supplemental motion. **ECF No. 50**.

affidavit describes how he saw a man fitting the anonymous informant's physical description of defendant exit the house, park a small blue and black motorcycle in front, enter the house and return with a black firearm, store it in the motorcycle, enter the house again through a side door, exit said door carrying a transparent bag filled with what seemed to him to be marijuana, store the bag in the motorcycle, and drive away. **ECF No. 50-1** at 3. Based on these observations, Officer Guevares, with the approval of his superior, prepared the affidavit and requested a search warrant from a state magistrate judge. *Id.*

## II. Analysis

Defendant argues that the facts related in this affidavit are false. In support of his claim, defendant submitted a self-serving, one-page statement under penalty of perjury attesting simply that "[o]n January 19, 2022 [he] was never outside of the residence with any type of control[l]ed substance… [or] with any type of firearm whether concealed or in plain[] view." **ECF No. 49-1**. Defendant also points out that the police did not find the evidence of drug trafficking or the black firearm that Officer Guevares saw defendant with as a result of their search. **ECF No. 49** at 2-3. Based solely on this proffer, defendant argues that he has made a substantial showing that Officer Guevares intentionally or recklessly included false information in his sworn statement, that he is consequently entitled to a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978), and that without the allegedly false statements, there is insufficient probable cause to sustain the search that led to his arrest because the information provided in the anonymous tip is by itself insufficient. **ECF No. 49** at 5-8.

To warrant an evidentiary hearing under *Franks*, "a defendant must make a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit…. In addition… the allegedly false statement must be necessary to the finding of probable cause." *United States v. Centeno-González*, 989 F.3d 36, 50 (1st Cir. 2021) (citing *United States v. Graf*, 784 F.3d 1, 3 (1st Cir. 2015)) (internal quotations and alterations omitted). Furthermore, "the challenger's attack must be more than conclusory and must be supported by **more than a mere desire to cross-examine**. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations **must be accompanied by an offer of proof**." *Franks*, 438 U.S. at 171 (emphasis added). This requires, for example, that "[a]ffidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained." *Id.*

The Court finds that defendant has not made a substantial showing that the information in Officer Guevares' affidavit is either false or was made with reckless disregard for the truth. The case of *U.S. v. Moon*, 92 F.3d 135 (1st Cir. 2015), cited by the government in its opposition, illustrates why. There, the defendant submitted an affidavit denying the government agent's own sworn statement implying that he had sold heroin in Boston sometime during a specific span of 72 hours. 92 F.3d at 149. The defendant claimed that during that period, he was "mostly" in a different city in Massachusetts—specifically, Worcester—and even provided records of a call at one point requesting towing assistance from there. *Id.* However, the First Circuit rejected the proffer as insufficient. It reasoned that the defendant could have easily travelled to Boston

during the three-day span to sell the heroin, so that the fact that he was "mostly in Worcester" during that time, even if true, fell short of being a "substantial showing of falsity." *Id.* It further concluded that:

> The factual gap in Moon's attempt to show the affidavit's inaccuracy—and thus its knowing or reckless falsity—cannot be filled by his own denial that he sold heroin in Boston within the relevant period. That disclaimer constitutes no more than a conclusory and unsupported allegation that falls well short of the "substantial preliminary showing" necessary to justify a *Franks* hearing.

*Id.* (citing *U.S. Southard*, 700 F.2d 1, 10 (1st Cir. 1983)).

Here, to put it simply and without adorn, defendant's barebones proffer is even less persuasive than that in *Moon* and cannot hope to meet *Frank's* high bar for an evidentiary hearing, much less the suppression of the challenged evidence. Defendant's conclusory denial of having possessed a firearm and marijuana outside his house on the day of the surveillance is insufficiently substantial to merit a *Franks* hearing. Moreover, the fact that the government did not recover the firearm Officer Guevares saw him with during his surveillance is not sufficient to imply that his statements in the affidavit were false or made recklessly. As the government points out, Officer Guevares also observed defendant store the gun and the marijuana in the motorcycle and drive away. **ECF No. 54** at 9. In the four days between Officer Guevares' surveillance and the day of the search, defendant could have moved the firearm elsewhere. And, as the government points out, other several firearms were found in the house to which defendant could have had access. *Id.*

In addition, for that same reason, the fact that only an ounce of marijuana was seized during the search does not mean, as defendant posits, that no evidence of drug trafficking was found. In the same span of time, defendant could have moved or sold part of the marijuana, which would explain why only an ounce of it was recovered during the search. *Id.* at 10-11. The transparent bag of marijuana seized during the search, visible in a picture provided by the government, can clearly accommodate more of the substance. *See id.* at 3.

Defendant's remaining argument—that the confidential tip alone is insufficient to sustain probable cause—hinges on the alleged "falsity" of Officer Guevares' statements. It too falls by the wayside given the Court's conclusion that defendant has failed to make a substantial showing that the information in Officer Guevares' affidavit is false. The Court will nonetheless observe that, from the affidavit, the state magistrate judge could conclude that Officer Guevares was able to corroborate the information provided in the anonymous tip. For example, as laid out by the government, Officer Guevares corroborated the following information: the location and description of the house, including a white washing machine on the balcony; the gold Mazda Protégé parked in front of the house; defendant's physical description; the color of defendant's motorcycle, defendant's possession of a black firearm, and his possession of marijuana. *See* **ECF No. 50-1** at 2-3; *see also* **ECF No. 54** at 8. Therefore, the credibility of the anonymous tip was established by Officer Guevares' corroboration of the information provided, which is detailed in the affidavit presented to the state magistrate judge.

### III. Conclusion

For these reasons, the Court **DENIES** defendant's motion to suppress and request for a *Franks* hearing at **ECF No. 49**.

**SO, ORDERED**.

At San Juan, Puerto Rico, on this 14th day of July, 2023.

                **S/AIDA M. DELGADO-COLÓN**
                **United States District Judge**